UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. TAMMANY PARISH<br>HOSPITAL SERVICE<br>DISTRICT NO. 1 D/B/A<br>ST. TAMMANY PARISH<br>HOSPITAL | CIVIL ACTION |
| VERSUS | NO. 07-1065 |
| TRAVELERS PROPERTY<br>CASUALTY COMPANY OF<br>AMERICA | SECTION: "C" (4) |

## ORDER AND REASONS

Before the Court is a Motion For Sanctions Arising Out of Plaintiff's Expert's Spoliation of Evidence, filed by Defendant, Travelers Property Casualty Company of America ("Defendant") (Rec. Doc. 76). St. Tammany Parish Hospital Service District No. 1 D/B/A St. Tammany Parish Hospital ('Plaintiff") opposes the motion. The motion is before the court on the briefs without oral argument. Having considered the memoranda and arguments of counsel, the record and the applicable law, the Court decides the motion as follows.

**I. BACKGROUND**

In this matter, Plaintiff is suing for monies allegedly owed by Defendant under an insurance contract following an interruption in operation and lost income due to Hurricane

1

Katrina.  Based on the calculations of one of it's experts, Defendant asserts that the lost income is less than $500,000, which is the applicable deductible under the insurance policy.  Plaintiff maintains that there was a flaw in the financial data initially presented to Defendant, and that an analysis performed by Christopher Brophy ("Brophy") on the accurate data shows a loss in excess of $4,000,000.

The basis of the motion *sub judice* is Defendant's assertion that Brophy destroyed notes and previous drafts of his Rule 26(a)(2) expert report.  Defendant argues that Brophy's notes and prior drafts were discoverable evidence and that his destruction of them "plainly spoliated evidence."  Rec. Doc. 76, p. 6.  Defendant cites *Vick v. Texas Employment Commission*,[1] for the proposition that an adverse inference is permitted where evidence is destroyed non-negligently.  Additionally, Defendant relies on *Trigon Ins. Co. v. United States*[2] for authority to sanction a party when an expert destroys Rule 26 drafts, including the imposition of an adverse inference regarding the expert's credibility.  Indeed, Defendant argues that an adverse inference is the bare minimum sanction that should be imposed, and urges the Court to preclude Brophy from testifying.

In opposition, Plaintiff argues: (1) the notes and drafts are not discoverable; (2) Defendant has mis-characterized the Fifth Circuit's standard for spoliation; (3) Brophy's actions do not meet the Fifth Circuit's "bad faith" standard for spoliation.  Essentially, Plaintiff avers that Defendant's motion for sanctions due to spoliation is frivolous because there is no allegation

---

[1] 514 F.2d 734, 737 (5th Cir. 1975).

[2] 204 F.R.D. 277 (E.D.Va. 2001).

that Brophy destroyed his notes or drafts in "bad faith."[3]  Plaintiff points to Brophy's deposition for evidence that he discarded his notes once they were incorporated into his report, per his standard procedure.  Also, Plaintiff argues that earlier drafts of the expert report were not "destroyed."  Plaintiff maintains that Brophy merely saved different "iterations" of the report within the same file on his computer until the report was complete.

## II. LAW & ANALYSIS

As an initial matter, the Court need not determine the admissibility or discoverability of Brophy's notes and drafts because the Court finds that Defendant has failed to satisfy the standard for spoliation.  Thus, even assuming the notes and drafts would be admissible or discoverable, the Court will not impose sanctions for their destruction.  "The theory of spoliation of evidence refers to an intentional destruction of evidence for [the] purpose of depriving opposing parties of its use." *Burge v. St. Tammany Parish Sheriff's Office*, 2000 WL 815879, at *3 (E.D.La. 2000) (internal quotations omitted).  Only a showing of "bad faith" or "bad conduct" results in an adverse inference against the destroyer of evidence. *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005).  In *Vick*, the Fifth Circuit stated, "[t]he adverse inference to be drawn from destruction of records is predicated on bad conduct of the defendant." *Vick*, 514 F.2d at 737.  "Moreover, the circumstances of the act must manifest bad faith." *Id.* (quoting 2 McCormick on Evidence § 273).  Finally, an inference of bad faith is not

---

[3] Additionally, Plaintiff alleges that Defendant has violated Local Rule 37.1 by failing to discuss the discovery issues raised in the motion with opposing counsel prior to filing for sanctions.  LR 37.1 states "No motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues . . . ."

automatically drawn when documents are destroyed under a routine policy, or "simply because documents are destroyed after the initiation of litigation." *Russell v. University of Texas of Permian Basin*, 234 Fed.Appx 195, 208 (5th Cir. 2007).

In this case, Defendant has failed to show that Brophy acted in "bad faith" or destroyed his notes and drafts to deprive Defendant of their use. The testimony elicited during Brophy's deposition illustrates that Brophy incorporated the notes into his Rule 26 report, and then discarded the notes after they were no longer needed. Additionally, Brophy did not submit multiple drafts of his report to Plaintiff; instead, he worked within one draft, and submitted that singular work to Plaintiff upon completion.

Furthermore, Defendant's reliance on *Trigon* is misplaced. In *Trigon*, there was a specific finding of bad faith based on the unique facts of the case. Indeed, the *Trigon* court found that spoliation occurred in that case because of the combination of "ghost-writing" and destruction of draft reports. The court in *Trigon* specifically limited its holding by stating:

> There is no need to decide in this case whether a testifying expert is required to retain, and a party is required to disclose, the drafts prepared solely by that expert while formulating the proper language in which to articulate that experts' own, ultimate opinion arrived at by the expert's own work or those working at the expert's personal direction. There are cogent reasons which militate against such a requirement but the issue is not presented here because the testifying experts worked, not alone, but cooperatively with other experts and under the auspices of AGE.

*Trigon*, 204 F.R.D. at 283, n. 8. In this case, there are no allegations that Brophy's drafts were "ghost-written." Thus, *Trigon's* facts and holding are distinguishable from the matter under review.

Based on the evidence presented to this Court, there has not been a sufficient showing of "bad faith" to warrant a sanction for spoliation. Plaintiff has demonstrated that Brophy merely

discarded the notes in an innocuous fashion after incorporating them into his report.  In addition, Plaintiff states that there are other notes of the meeting with Sandra DiPietro that have been preserved.[4]  Defendant's bare assertion that Brophy should have known that his notes were discoverable evidence is not enough to show an intentional destruction of evidence for the purpose of depriving Defendant of their use.  *See Texas Instruments, Inc. v. Hyundai Electronics Industries, Co. Ltd., et al*, 190 F.R.D. 413, 419, 420 (E.D.Tex. 1999) (noting that expert's throwing away of his notes is not spoliation when other notes exist).

With regard to the "earlier drafts" of the expert report, there are no allegations that Brophy ever produced a draft report for Plaintiff's consideration, and thus, there is no indication that drafts of Brophy's report were edited, or "ghost-written," to support a predetermined outcome.  Consequently, Brophy's decision to save his report within one file on his computer does not rise to the level of bad faith or dishonesty required by the Fifth Circuit for an adverse inference.  *Vick*, 514 F.2d at 737.

Finally, Defendant has not demonstrated that its ability to defend Plaintiff's claim has, in fact, been hindered by the lack of access to Brophy's notes or earlier drafts.  Defendant has questioned Brophy about his methods during a deposition, and his report has been disclosed.  Both Brophy and the report will be subject to cross-examination at trial.

## III. CONCLUSION

---

[4] The Court does not make any finding as to the discoverability of the preserved notes. These notes were presented to the Court for in camera review, and have not been disclosed to the opposing party.

IT IS ORDERED that Defendant's Motion For Sanctions Arising Out of Plaintiff's Expert's Spoliation of Evidence is **DENIED**.

IT IS FURTHER ORDERED that the counsel of record for St. Tammany Parish Hospital may collect the material submitted by St. Tammany Parish Hospital for In Camera Review from the Chambers of the undersigned within the next thirty (30) days. After that time, the material will be destroyed.

New Orleans, Louisiana, this 17th day of March, 2008.

*[signature]*
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE